# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE HIGDON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No. 1:21-cv-01821-AWI-SAB<br><br>ORDER REQUIRING PARTIES TO SHOW CAUSE IN WRITING WHY MONETARY SANCTIONS SHOULD NOT ISSUE FOR FAILURE TO FILE SCHEDULING REPORT<br><br>ORDER CONTINUING MANDATORY SCHEDULING CONFERENCE TO APRIL 14, 2022, AT 10:00 A.M.<br><br>(ECF No. 3) |

　　　A scheduling conference is set for March 31, 2022, in this matter. (ECF No. 3.) Pursuant to the order setting the mandatory scheduling conference, the parties were ordered to file a joint scheduling report one full week prior to the scheduling conference. (Id. at 2.) No joint report has been filed in this action.[1]

　　　Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these

---

[1] This action is brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692. (ECF No. 1.) The Court notes that Local Rule 240(c) provides an exception from Rule 16's requirement for a mandatory scheduling order for "Federal Debt Collection proceedings." L.R. 240(c); see also Fed. R. Civ. P. 16(b)(1) ("Except in categories of actions exempted by local rule, the district judge – or a magistrate judge when authorized by local rule – must issue a scheduling order"). The Court finds the Local Rule only relieves the Court from the obligation to issue an order under Rule 16, and does not expressly relieve the parties from any obligation. It is not clear if the parties presume they are relieved from the joint scheduling report obligation due to the Local Rule. Regardless, the Court holds such scheduling conferences, the scheduling conference remains on calendar, and the parties were never relieved from the outstanding obligations set forth in the order setting the mandatory scheduling conference.

Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. <u>Bautista v. Los Angeles County</u>, 216 F.3d 837, 841 (9th Cir. 2000).

The Court shall continue the scheduling conference and require the parties to show cause why monetary sanctions should not issue for the failure to file a joint report in compliance with order setting the mandatory scheduling conference.

Accordingly, IT IS HEREBY ORDERED that:

1. The parties shall show cause in writing within **five (5) days** of the date of entry of this order why monetary sanctions should not issue for the failure to file a joint scheduling report as required by the December 28, 2021 order setting the mandatory scheduling conference;

2. The scheduling conference set for March 31, 2022, is CONTINUED to **April 14, 2022**, at 10:00 a.m. in Courtroom 9;

3. The parties shall file a joint scheduling report at least one week prior to the scheduling conference; and

4. Failure to comply with this order will result in the issuance of sanctions.

IT IS SO ORDERED.

Dated:   **March 25, 2022**

UNITED STATES MAGISTRATE JUDGE