# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KRISTINE HIGDON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>　　　　Defendant. | Case No. 1:21-cv-01821-AWI-SAB<br><br>ORDER DISCHARGING ORDER TO SHOW CAUSE AND REQUIRING PARTIES TO FILE DISPOSITIONAL DOCUMENTS<br><br>(ECF Nos. 12, 13, 14)<br><br>**DEADLINE: JUNE 20, 2022** |

A scheduling conference was held in this matter on April 14, 2022. (ECF No. 10.) Counsel for Plaintiff, Jonathan Aaron Stieglitz, failed to appear at the scheduling conference. Accordingly, the Court issued an order to show cause why monetary sanctions should not issue for the failure to appear at the scheduling conference in compliance with the Court's March 25 and 31, 2022 orders setting the scheduling conference. (ECF No. 12.)

On April 18, 2022, Plaintiff filed a notice of settlement and a response to the order to show cause. (ECF Nos. 13, 14.) In his response to the order to show cause, counsel for Plaintiff indicates he was in the midst of trial prep for a trial set to commence on April 18, 2022, and inadvertently failed to note the new scheduling conference date for this matter on his calendar. (ECF No. 14.) The Court is satisfied that Counsel sufficiently responded to its order to show cause and shall discharge the order to show cause.

As to the notice of settlement, the parties proffer they anticipate completing the settlement documents and filing a dismissing with the Court within the next sixty days, and request an extension of time to file the dispositional documents.  (ECF No. 13.)

Pursuant to Local Rule 160, the Court is required to fix a date for dispositional documents to be filed within twenty-one (21) days, absent good cause shown to extend such time.  E.D. Cal. L.R. 160(b).  While the parties' showing of good cause could be stronger, the Court deems sufficient good cause exists to grant the parties' requested extension to file dispositional documents pursuant to Local Rule 160(b).  The parties are reminded that, once the terms of a settlement agreement are finalized and the settlement agreement is signed by the parties, the Court generally does not retain jurisdiction to oversee that the parties comply with the terms of the settlement agreement.  Additionally, "[a] failure to file dispositional papers on the date prescribed by the Court may be grounds for sanctions."  Id. (citing E.D. Cal. L.R. 272).

Accordingly, it is HEREBY ORDERED that:

1. The April 14, 2022 order to show cause (ECF No. 12) is DISCHARGED;
2. All pending matters and dates are VACATED;
3. The parties' request for an extension of time to file dispositional documents (ECF No. 13) is GRANTED; and
4. The parties shall file dispositional documents no later than **June 20, 2022**.

IT IS SO ORDERED.

Dated:   **April 19, 2022**

UNITED STATES MAGISTRATE JUDGE